Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

*Attorneys for Plaintiffs,*
BackGrid USA, Inc. and
Backgrid London Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation; BACKGRID LONDON LTD., a UK Limited Company;<br><br>Plaintiffs,<br><br>v.<br><br>BLAKELY NEIMAN THORNTON, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**1) COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br>**2) DECLARATORY RELIEF (17 U.S.C. § 512)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiffs BackGrid USA, Inc. and Backgrid London Ltd. complain against Defendant Blakely Neiman Thornton and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and the injury suffered by Plaintiffs took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. On information and belief, Defendant Thornton resides in Los Angeles, California. He represented to Plaintiffs that he resides in Los Angeles, California, in the Digital Millenium Copyright Act ("DMCA") counternotification that is at issue in this litigation.

## PARTIES

3. Plaintiff BackGrid USA, Inc. is a corporation existing under the laws of California, with its principal place of business located in Los Angeles, California.

4. Plaintiff Backgrid London Ltd. is a limited company existing under the laws of the United Kingdom, with its principal place of business located in London, England.

5. On information and belief, Defendant Blakely Neiman Thornton ("Thornton") is an individual who lives in Los Angeles, California.

6. The true names or capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names.

/ / /

2

**COMPLAINT**

Plaintiffs will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

7.    BackGrid USA, Inc. and Backgrid London Ltd. (collectively "BackGrid") are large celebrity-photograph agencies that have earned a reputation for regularly breaking scoops on sought-after celebrity news. They own the intellectual property rights, including the copyrights, to photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

8.    Among many other in-demand works, BackGrid owns coveted photographs of Milo Ventimiglia, Kate Hudson, Jennifer Lopez, Blake Lively (collectively the "Celebrity Photographs") among many others. Each of the Celebrity Photographs that are at issue in this action are timely registered. BackGrid USA, Inc. and Backgrid London Ltd., respectively, filed for copyright registration of the Backgrid USA Celebrity Photographs and the Backgrid London Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. The copyright registrations are attached hereto as Exhibit A-1 (BackGrid USA, Inc) and Exhibit A-2 (Backgrid London Ltd.). (The VA0002494063 Certificate is an Unofficial Certificate Preview provided by the Copyright Office.)

*Defendants and Their Willfully Infringing Activity*

9.    Defendant Thornton is an Instagram celebrity who, on information and belief, controls and manages the Instagram Accounts located at instagram.com/blakelythornton and instagram.com/backupblakely (collectively the

3

**COMPLAINT**

"Account"). Defendant Thornton regularly exploits content that is not owned by him on his Account, including the Celebrity Photographs that are at issue in this litigation. On information and belief, Thornton caused each of the Celebrity Photographs to be displayed, reproduced, and distributed on the Account, which currently has over 400,000 followers total (blakelythornton has around 328,000, backupblakely has around 83,000). The Account is not private, so it does not reflect all viewers who viewed the content.

10.     Defendants reproduced, distributed, displayed, and created unauthorized derivative works of the Celebrity Photographs on the Account without consent or license, as shown in Exhibit B-1 (BackGrid USA) and Exhibit B-2 (Backgrid London), which are incorporated herein by reference.

11.     Defendants violated federal law by willfully infringing Backgrid's copyrights to at least six Celebrity Photographs on, at least, the Account.

12.     BackGrid USA, Inc. sent a DMCA takedown notification to Instagram with respect to the post located https://www.instagram.com/p/DWEyatmAuxL/, which includes a least one of the BackGrid USA Celebrity Photos, in addition to others not included in this lawsuit because their copyright registrations are pending. In response to that DMCA takedown notification, Thornton issued a counter-notification to Instagram, claiming that he was legally permitted to post the photographs. A true and correct copy of Thornton's counternotification is attached as Exhibit C.

13.     Thornton is a sophisticated digital creator who knew he did not have the right to post the Celebrity Photographs. Among other things, Defendant continued to infringe BackGrid's photos after BackGrid provided notice to Defendants of infringement of other BackGrid Photos. Thornton is well aware of BackGrid's licensing business. He published information on the Account referencing BackGrid and its director by name prior to publishing the most recent post at issue in the last DMCA takedown notification.

4

**COMPLAINT**

14. Defendants induced, caused, or materially contributed to the reproduction, distribution, and public display of the Celebrity Photographs and derivatives thereof, all while knowing or having reason to know of the infringement on the Account was without permission, consent, or license.

15. On information and belief, Defendant operates and controls the Account at all times relevant to this dispute and financially benefits from the infringement of the Celebrity Photographs displayed thereto.  On information and belief, Defendants have driven significant traffic to their Account, and therefore increased its revenues, in large part due to the presence of the sought-after and searched-for Celebrity Photographs that frame this dispute.  All of this traffic translates into a substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions.

16. Backgrid attempted to resolve this dispute prior to filing this above captioned action. Defendants refused to engage in any discussion and on information and belief, many of the Celebrity Photos are still live.

### FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

17. Backgrid USA, Inc. incorporates by reference the allegations in paragraphs 1 through 16 above.

18. Backgrid USA, Inc. is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

19. Backgrid USA, Inc. filed for copyright registration of the BackGrid USA Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

20. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid USA's copyrights by reproducing,

5

**COMPLAINT**

displaying, distributing, and utilizing the BackGrid USA Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

21.    All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

22.    Backgrid has identified at least five instances of infringement by way of the unlawful reproduction and display of Backgrid USA's photographs.

23.    As a result of the acts of Defendants alleged herein, Backgrid USA has suffered substantial economic damage.

24.    Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefits they receive from Backgrid's copyrights.

25.    The wrongful acts of Defendants have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

26.    The above-documented infringements alone would entitle Backgrid to a potential award of up to $150,000 per work in statutory damages for each of the five infringed photographs, in addition to its attorney's fees.

## SECOND CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

27.    Backgrid London Ltd. incorporates by reference the allegations in paragraphs 1 through 16 above.

/ / /

6

**COMPLAINT**

28.    Backgrid London Ltd. is the owner of all rights, title, and interest in the copyrights of the Backgrid London Celebrity Photographs that frame this dispute, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

29.    Backgrid filed for copyright registration of the Backgrid London Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

30.    Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid London's copyrights by reproducing, displaying, distributing, and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

31.    All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid London.

32.    Backgrid has identified at least one instance of infringement by way of the unlawful reproduction and display of Backgrid London's photographs.

33.    As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

34.    Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefits they receive from Backgrid's copyrights.

35.    The wrongful acts of Defendants have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights

/ / /

7

**COMPLAINT**

and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

36.    The above-documented infringements alone would entitle Backgrid to a potential award of up to $150,000 per work in statutory damages the infringed photograph, in addition to its attorney's fees.

## THIRD CLAIM FOR RELIEF

## (Declaratory Judgment, 17 U.S.C. 512(g))

37.    Backgrid USA, Inc. incorporates here by reference the allegations in paragraphs 1 through 36 above.

38.    An actual controversy exists as to whether Defendants is entitled to post Backgrid's photographs without Backgrid's consent on its Account.

39.    Backgrid USA Inc. owns the BackGrid USA Celebrity Photographs that were used by Account without consent or license. Defendants infringed Backgrid USA's photographs to drive traffic to its account and derive ill-gotten revenues. BackGrid USA sent to Instagram many DMCA takedown notifications, the latest of which Defendant responded with a DMCA Counternotification.

40.    Backgrid herein alleges that Defendants were not entitled to infringe its photographs and that the Defendants' posts were infringements. As such, Backgrid is entitled to an order enjoining Defendants from infringing its photographs on Instagram 17 U.S.C. § 512(g).

41.    Defendants' violation of 17 U.S.C. § 501, et al. has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Plaintiff not fully compensable in monetary damages. Plaintiff BackGrid USA, Inc. is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendants as follows:

/ / /

8

**COMPLAINT**

1.    That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photographs of Backgrid;

2.    That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiffs' copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3.    For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5.    For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6.    For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7.    For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and

8.    For any such other and further relief as the Court may deem just and appropriate.

Dated:  April 9, 2026                                    **ONE LLP**

By:  /s/ Joanna Ardalan
       Joanna Ardalan

*Attorneys for Plaintiffs,*
BackGrid USA, Inc., Backgrid London Ltd.

9

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiffs Backgrid USA, Inc. and Backgrid London Ltd., hereby demands trial by jury of all issues so triable under the law.

Dated:  April 9, 2026                    **ONE LLP**


                                         By:  /s/ Joanna Ardalan
                                              Joanna Ardalan

                                              *Attorneys for Plaintiffs,*
                                              BackGrid USA, Inc., Backgrid
                                              London Ltd.

**COMPLAINT**